**PAUL E. RIGGINS**
**RIGGINS LAW, P.A.**
**960 BROADWAY, STE. 210**
**BOISE, IDAHO 83706**
**TELEPHONE (208) 344-4152**
**FACSIMILE (208) 338-1273**
**IDAHO STATE BAR #5303**

**ATTORNEY FOR DEFENDANT SHAUNTEE K. FERGUSON**

## UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.  CR-09-00286-S-EJL** |
| | ) | |
| **vs.** | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| **SHAUNTEE K. FERGUSON,** | ) | **(FILED UNDER SEAL)** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

Defendant SHAUNTEE K. FERGUSON, by and through her attorney of record, Paul E. Riggins of Riggins Law, P.A., hereby respectfully submits the following Sentencing Memorandum for the Court's consideration for sentencing.

The Defendant has been scheduled for sentencing before the Honorable Edward J. Lodge on November 1, at 2:00 p.m., in Boise, Idaho.

## DISCUSSION

### 18 U.S.C. §3553(a)

Defendant SHAUNTEE FERGUSON's comments and information are discussed below in the same order as the §3553(a) factors.

a.    Nature and Circumstances of the Offense.

The Presentence Investigation Report provides a summary of the facts of the offense.   *See* Presentence Investigation Report, paras. 8-82 (hereinafter, "PSIR"). Shauntee disagrees with certain statements made by Susan Hook and Brent Bethers, concerning her participation or involvement with the offense, and has filed other objections to the draft PSIR.  However, Shauntee has pled guilty to providing a false financial statement, and has accepted responsibility for her illegal conduct.

In the case, Shauntee Ferguson played a minimal role in the financial crimes charged against her, her husband and her father.   Shauntee was not an active participant in the "house flipping" business, in any fashion.  She had absolutely no involvement in the process of finding the homes or procuring the financing.  Her role was limited to signing real estate mortgage applications, which contained inaccurate information and, therefore, were fraudulent.   Frankly, Shauntee has a limited understanding of the workings and specifics of financial matters in general, and has generally relied solely upon her husband to "take care of the family finances". Nonetheless, she has admitted her wrongdoing and has accepted responsibility.

In a typical transaction, Shauntee would receive a phone call from her husband, Stan Ferguson, directing her to sign documents at a real estate closing meeting.  She would travel to the particular title company office, sign documents in the typical hurried

**SENTENCING MEMORANDUM -2**

and cursory style that is common to real estate closings, and go on her way.  While she did not provide the false information itself, she signed the applications containing the false information.  For these acts, she is guilty of a crime, and she had fully admitted her guilt and owned up to it before this Court.

As noted by the United States Attorney's Office, Shauntee's downfall was allowing her credit and her name to be used by her husband Stan Ferguson and her father Michael Hymas, in their "house flipping" venture.  Shauntee admits that she should have been much more vigilant about ensuring the accuracy of the information contained in the mortgage applications, and ensuring that she was not signing fraudulent documents.

Notwithstanding the very minimal role she played, FERGUSON freely admits her wrongdoing.  She has taken full responsibility for her own actions.  She has pled guilty and accepted responsibility for her offense and conduct.   FERGUSON has demonstrated remorse for her actions and is prepared to face the consequences.

FERGUSON cooperated with authorities and agreed to meet with and speak to agents of the government.


b.    <u>History and Characteristics of the Defendant</u>.

The history and characteristics of the Defendant weigh in favor of a lesser sentence.

<u>CHILDHOOD</u>:

Shauntee Ferguson was raised in various towns in Idaho and Washington. Although the family moved regularly to accommodate her father's employment, and

**SENTENCING MEMORANDUM -3**

therefore Shauntee had difficulty establishing childhood friendships or ties, she had a happy childhood in a close and loving family.  Shauntee was raised with good values and morals, and has a strong foundation and belief in family, as a result.

Since Shauntee lived a happy childhood free from abuse or major trauma, she is less likely to have ongoing issues or problems which could lead to criminal thinking or behavior, or drug and alcohol abuse.  A much lesser sentence is warranted based upon this 3553(a) sentencing factor.

<u>SUBSTANCE ABUSE ISSUES</u>:

Shauntee does not drink alcohol or use drugs.  In fact, she has never even *tried* alcohol or drugs.  Abstinence from alcohol and drugs is a basic tenant of Shauntee's religion, of which she has been a member since childhood, and Shauntee has strictly adhered to this policy.

Since Shauntee has no alcohol or substance abuse issues, she is much more likely to successfully complete probation or supervised release.   A much lesser sentence is justified based upon this 3553(a) sentencing factor.

<u>FAMILY AND CHILDREN</u>:

FERGUSON is married and has five (5) children.  Shauntee married Stan Ferguson in 1997, and they remain a dedicated couple thirteen (13) years later

Shauntee is a proud and dedicated mother.  She has devoted her life to raising her children and creating a large and happy family.  Shauntee believes that motherhood is her true calling in life, and she has poured her heart and soul into being the best possible mother and homemaker.

However, motherhood in the Ferguson household is no easy chore or small task.

**SENTENCING MEMORANDUM -4**

Unfortunately, several of the children have special needs and/or psychological and medical issues which require special care and attention. Shauntee and Stan adopted two young children, in addition to their three biological children, and the two adopted children have unique and specialized issues resulting from their traumatic beginnings, prior to being saved by the Fergusons.

As a result of these special needs, Shauntee spends nearly every waking minute of every day attending to her children's needs and requirements. She is literally running, sometimes racing, from appointment to appointment.

In addition to the burden of these special needs and requirements, Shauntee now home schools the four school-aged children. She utilizes an online public school to do so, but she has taken on this additional burden, in order to best assist and support her children. However, obviously, this places additional burdens, demands and time constraints on Shauntee.

As noted, Shauntee Ferguson has five children:

McKady:  McKady is Shauntee's oldest child, at eleven years old. Unfortunately, McKady is a special needs child with numerous medical and psychological issues. *See* PSIR, para. 105.



McKady is currently under the care of several doctors, including Amarello & Webb Psychological Associates in Boise. *See* "Memo from Dr. Amy Amarello & Dr. Jay Webb" dated 7/30/2010, attached hereto as "**Exhibit A**". In this Memo. Dr. Amarello and Dr. Webb indicated

> "McKady has AD/HD, and more significantly, she has a Mood Disorder (likely to be Pediatric Bipolar Disorder) and a Disruptive Behavior Disorder. As such, there are frequent and intense problems with behavioral/emotional regulation and sleep, and she can be quite aggressive to family members. One psychiatric hospitalization has already occurred in the recent past, and other near hospital admissions happened prior to that time and since that time. Psychotropic medications (including an anti-psychotic, mood stabilizing agent) are being prescribed by Dr. J.T. Leavell, a developmental pediatrician."

Dr. Leavell from St. Luke's Health System also assessed McKady with Anxiety, Attention Deficit Disorder, and Bipolar Disorder. *See* Medical Reports from St. Luke's Health System, dated April 16, 2009, June 2, 2010 and August 26, 2010, attached

hereto as "**Exhibit B**".

McKady's medical and psychological issues manifest themselves in a number of different ways, including extreme physical and emotional "melt-downs", severe aggression toward others, extreme defiance, paranoia and unnatural fears, and insomnia.  She often gets out of bed and wanders the house at nights, and Shauntee and her husband spend many a sleepless night trying to care for her and calm her down.  McKady's conditions present significant problems and hurdles for Shauntee as a parent, not only in caring for her but also in maintaining calm and order in their household and helping McKady while balancing the needs of the other children.

<u>Hunter</u>:  Hunter is nine years old, and is Shauntee's second oldest child.



While Hunter has generally done well in life, the family is concerned that he has been "lost in the shuffle" somewhat, as he has recently experienced some psychological difficulties.  He is currently under the care of a child psychologist.  In the "Memo" from Dr. Amy Amarello and Dr. Jay Webb, previously discussed hereinabove and attached hereto as **Exhibit A**, Dr. Amarello and Dr. Webb noted that

> "Hunter's issues are less clearly defined at this point, but it is thought that he has an Anxiety Disorder.  He is very well-defended and has difficulty admitting to shortcomings and problem area, but he tends to bully his siblings with great frequency.  Some of the other children in this family have their own mental health issues."

<u>Avery</u>:  Avery is seven years old, and is Shauntee's youngest biological child.

**SENTENCING MEMORANDUM -8**

She is generally a healthy and happy child.



However, Avery's teachers have determined that Avery has a learning disability, which they believe to be dyslexia.  Shauntee is currently in the process of arranging for Avery to be tested for dyslexia.

<u>Kaison</u>:   Kaison is five years old, and was adopted by Shauntee and Stan Ferguson.



The Fergusons took Kaison into their home, acting as foster parents, when Kaison was only four months old.  Kaison has a number of issues and problems, which the Fergusons have worked diligently to address over the past 4+ years, since his adoption.

Kaison underwent Adaptive Behavior Testing, through the Idaho Department of Health and Welfare, in October 2009.  *See* "Report of Adaptive Behavior Testing", dated October 26, 2009, attached hereto as "**Exhibit C**".  Examiner Melissa Woods, LCSW, reported that

> Overall, Kaison demonstrates very serious problem behaviors.  He demonstrates moderately serious internalized maladaptive behaviors, including withdrawal or inattentive behavior, unusual or repetitive habits, and hurting himself.  He demonstrates serious asocial maladaptive behaviors, including socially offensive and uncooperative behavior.    He    demonstrates    serious

**SENTENCING MEMORANDUM -10**

externalized maladaptive behaviors, including disruptive behavior, destructiveness to property, and hurting others.
*****
Kaison will need pervasive support, much more than others his age."

Additionally, Kaison suffers from significant speech and language developmental delays. Shauntee takes Kaison to a speech therapist. Kaison recently underwent updated speech and language testing. *See* Report from Speech Tree, Leah Whiteman, M.S. CCC-SLP Licensed Speech-Language Pathologist, dated July 27, 2010, attached hereto as "**Exhibit D**". In her report, the therapist noted that "Kaison's knowledge of basic concepts needed in the educational environment … fell at the third percentile rank (3%) for beginning of the year kindergarten students", and that Kaison's overall score on the Test of Language Development was at the sixth percentile rank (6%). Report at p. 3, "Summary and Recommended Goals".

Clearly, Kaison has significant speech and language issues, which require substantial attention and therapy for him to "catch up" to students his age. More attention and more therapy equates to more time and attention from Shauntee, and more parenting pressure on Shauntee, in helping him succeed and thrive.

Additionally, Kaison underwent a Neuropsychological Screen at the direction of Dr. J.T. Leavell, a developmental pediatrician with St. Luke's, a copy of which is attached hereto as "**Exhibit E**". Dennis J. Woody, Ph.D., a Pediatric Neuropsychologist, conducted the screen and testing, and noted that Kaison suffers from Attention Deficit Hyperactivity Disorder and Expressive Language Delay. He noted that Kaison has a number of cognitive problems which will negatively affect him in a school and learning environment, including limited impulse control and ability to cope

with difficulties and challenges, increased levels of tension, problems with understanding and processing information, and high levels of distractibility.

Kaison has been treated in behavioral therapy for the past several years. Additionally, he begins psychosocial rehabilitation on October 21st.

Again, these problems, which stem from his early childhood neglect and trauma prior being adopted by the Fergusons, create difficulties and hurdles for Kaison, which in turn make Shauntee's job of parenting him that much more difficult. These problems also result in the need for additional and varied services, creating more strain and pressure on Shauntee to ensure that Kaison gets to all the medical, psychological and developmental appointments which he needs.

<u>Lilly</u>:  Lilly is five years old, and also was adopted by Shauntee and Stan Ferguson.



Lilly was born addicted to methamphetamine, and has ongoing developmental and behavioral problems as a result.

Lilly was tested in August of 2010 following ongoing behavioral and psychological issues.  She was evaluated by Dr. J. Leavell, M.D. at St. Luke's Health System.  Lilly was diagnosed with Oppositional Defiant Disorder.  *See* Medical Report from St. Luke's Health System, dated August 9, 2010, attached hereto as "**Exhibit F**".

Her condition causes her to be unnaturally defiant to her parents, which in turn causes a great deal of problems for Shauntee and her husband in their household.  As a result, Shauntee faces even more stress and pressure in parenting Lilly, while trying to maintain normalcy in their household and trying to care for her other children at the same time.  In simplest terms, parenting a child with Oppositional Defiant Disorder is

significantly more difficult than parenting a child without the condition, and requires special attention and dedication.

Additionally, Lilly suffers from asthma, which also requires additional medical attention.

Despite all of these demands upon herself and her time, and the accompanying stress and pressure, Shauntee would not trade her situation for anything or anyone. She works tirelessly to meet her children's needs, and still finds time to be a dedicated wife, a supportive and helpful friend, and a loyal member of her church.


COMMUNITY:

Shauntee is an active member of her church.  She volunteers her time with church-related activities, and gives service to others in need.

Shauntee's family and friends have been very supportive throughout this process, and will assist her in her efforts to comply with the law and succeed in society. Counsel respectfully requests that the Court review the character and support letters attached hereto, and hereby merged and incorporated herein, as **"Exhibit G"**.

Additionally, Shauntee is a good friend who is always willing to lend a helping hand, or provide a shoulder to cry on, for her friends.  Her friend, Julie Noack, notes that Shauntee "… has sacrificed and served her family and friends in countless ways. Shauntee is a true friend."   Her friend Pamela Hawke states that Shauntee

> "… has always been a caring and loyal friend throughout the years. …  She has always proven herself to be a great mom and a loving and devoted wife.  She has always wanted to be surrounded by family.  Other people focus their lives on careers and wealth. Her focus has always been and never waivered on being a mother and wife."

**SENTENCING MEMORANDUM -14**

Finally, her sister Tamera Bollschweiler notes that "Shauntee bends over backwards to help those around her."  Clearly, those that actually know Shauntee, on a close and personal level, think extremely highly of her and her character.

EDUCATION:

Shauntee Ferguson is a high school graduate, and attended college briefly. Shortly after marrying Stan Ferguson, she discontinued her education, and devoted herself to motherhood and raising the couple's children, while Stan Ferguson became the family "breadwinner".  This arrangement has worked well for the Fergusons, and Shauntee does not currently have plans to seek additional education.

EMPLOYMENT AND JOB SKILLS:

At various times throughout her life, Shauntee has worked in different jobs, but mainly she has worked in the family's home as a homemaker.  She is very proud of her role as the family's caretaker and homemaker, and dedicates herself tirelessly to this labor of love.

. PRIOR RECORD OR CRIMINAL HISTORY:

Shauntee Ferguson has absolutely no criminal record of any type.  She has never been charged with a crime of any type.  *See* PSIR, paras. 98-100.  She does not pose a safety risk or threat to the community.

Clearly, FERGUSON is not a violent person or a career offender in need of long-term incarceration.  She is not a danger to society.  A greatly reduced sentence is warranted, based upon this 3553(a) sentencing factor.

c.      Need for the Sentence to Reflect the Seriousness of the Offense, to

<u>Promote Respect for the Law, and to Provide Just Punishment for the</u>
<u>Offense</u>.

Shauntee Ferguson understands the seriousness of her offense.  She has been frightened and humbled by the fact that she could be sentenced to a federal penitentiary.  This Court can be assured that Shauntee treats this case very seriously.

Shauntee understands that as a result of her crime, she faces the very real possibility of serving time in a prison facility.  She also understands that, due to her own poor judgment, she initially exposed himself to a potential thirty-year prison sentence in this case.

If the Court decides to follow the recommendations of the PSIR, Shauntee will end up serving a significant period of time in federal prison.  If the Court decides to follow the recommendations of the defense, Shauntee will serve a significant period of time on federal supervised release.  Either sentence sends a strong message, to Shauntee personally and to the community in general, that the law must be respected and that involvement with financial misdeeds, to any degree, is serious.

Shauntee Ferguson respectfully points out that her offense involved financial wrongs, lacking any element of violence, danger or actual harm to the community, and that her role in the financial wrongs was, even by the government's own admission, minimal at most.

Shauntee's case can be differentiated substantially from the major players in this "house flipping" plan, including Stan Ferguson and Michael Hymas.   As such, a lengthy prison sentence is not necessary to reflect the seriousness of the offense or to provide "just punishment" for the offense.  Nor is it necessary to promote respect for the law, as

**SENTENCING MEMORANDUM -16**

Shauntee will already be a convicted felon and will end up serving a significant period of time under the supervision of the United States Probation Office under federal supervised release, even if the Court adopts the recommendation of defense counsel.

Shauntee is embarrassed and humiliated by these events and her crime.  She respects the fact that he cannot be involved with any criminal activity of any type ever again and that, if she does become involved, her punishments will only increase significantly.

    d.    <u>The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct</u>.

As noted above, Shauntee Ferguson understands that this Court will sentence her either to a period of federal incarceration or a period of federal supervised release, as a result of her conduct, in addition to being branded a felon.  A sentence of this type acts as a deterrent to others and sends a strong message that involvement with financial crimes will not be treated lightly, even if one only plays a minimal role therein. For someone such as SHAUNTEE, with absolutely no prior record or criminal history, being placed on federal supervised release, and facing the potential of being sent to a federal penitentiary, is a huge deterrent to future criminal conduct.

A lengthy prison sentence is not necessary, however, to accomplish this deterrence and this 3553(a) sentencing factor.

    e.    <u>The Need for the Sentence Imposed to Protect the Public From Further</u>

**SENTENCING MEMORANDUM -17**

<u>Crimes of the Defendant</u>.

Shauntee Ferguson has absolutely no criminal record.  Frankly, Shauntee would never be before the Court now if she had not been talked into allowing her credit to be utilized in the "house flipping" plan by her father and her husband, to whom she was overly deferential on financial decisions.   However, FERGUSON has generally lived an honest and responsible life, and he can be expected to continue that life.  Her complete lack of a criminal history, through 33 years of life, is convincing evidence that the general public does not need "protection" from Shauntee Ferguson.

This crime is one based upon very limited and specific circumstances, which will never be repeated.  Shauntee clearly will not engage in further activities of this type.

Finally, even if the Court still had concerns about protecting society from further crimes, Shauntee wishes for the Court to know that her life has changed dramatically as a result of her involvement with the federal criminal justice system.  Shauntee has endured a tremendous amount of stress and worry as a result of this case, and her other family members' cases, and the Court can be assured that she will not subject herself, or her beloved family, to this frightening and humbling experience again. Counsel notes for the Court that Shauntee's family has been very supportive throughout the Court process.  .

Based on these factors, it is extremely unlikely that FERGUSON will commit further crimes.  A lengthy term of imprisonment is not necessary to accomplish this goal, while a term of federal supervised release is more than adequate to satisfactorily address this 3553(a) sentencing factor.

   f. <u>The Need for the Sentence Imposed to Provide the Defendant With</u>

<u>Needed Educational or Vocational Training or Medical Treatment</u>.

As discussed hereinabove and in the PSIR, FERGUSON has a limited post-secondary education, but has a "career" in place as a homemaker and care provider. A prison sentence is not necessary to provide her additional educational or vocational training to help her obtain work.

Additionally, FERGUSON is in good health and is not in need of medical treatment while incarcerated.

A minimal sentence is warranted based upon this sentencing factor.


II.     **CONCLUSION**

SHAUNTEE FERGUSON is deserving of some leniency from the Court.  She understands the nature of her mistakes, respects the law, appreciates the seriousness of her conduct and her crime, and takes full responsibility for her actions.  She is not a career criminal, and in fact has no criminal history whatsoever.  Shauntee has generally led a good, hard-working, honest, caring life.  She knows she has caused pain and sadness for her family, and she is greatly affected by the negative impact her actions have had on her family due to her own poor choices.



With the sentencing guidelines no longer mandatory pursuant to the *Booker* decision and its progeny, the Court has more discretion in its sentencing decision. Based upon the nature of the offense and the above analysis of the sentencing factors set forth in 18 U.S.C. §3553(a), a minimal sentence for this Defendant and for this offense, under these specific circumstances, is appropriate and just.

DATED this 21st day of October, 2010.

_____/s/ Paul E. Riggins_____
PAUL E. RIGGINS

**SENTENCING MEMORANDUM -20**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of October, 2010, I filed the foregoing document with the Court's electronic E.C.F. filing system which caused to be a true and correct copy to be served upon the following persons:

George Breitsameter                  ☐   U.S. Mail
Assistant United States Attorney     ☒   ECF Notice
Washington Group Plaza IV            ☐   Overnight Mail
800 Park Blvd., Suite 600            ☐   Telecopy (Fax)
Boise, Idaho 83712


_____/s/ Paul E. Riggins_____
Paul E. Riggins

**SENTENCING MEMORANDUM -21**